IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

5:15-CV-248-FL

| | |
|---|---|
| TERESA HOUSTON HODGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| NANCY A. BERRYHILL ) | |
| Acting Commissioner of Social Security ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on plaintiff's motion for attorney's fees (DE 37) under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). Defendant has responded in opposition. In this posture the issues raised are ripe for ruling. For the following reasons, plaintiff's motion is denied.

## BACKGROUND

Plaintiff commenced the instant matter on June 4, 2015, by motion to proceed in forma pauperis, with proposed complaint seeking judicial review of the denial of his application for supplemental security income. On August 31, 2015, defendant filed an answer seeking this court to affirm of the denial decision. The court's scheduling order directed plaintiff to file within 60 days "a motion for a judgment reversing or modifying the decision of the Commissioner, or remanding the case for a rehearing." (DE 14 at 1). Plaintiff filed on October 9, 2015, a motion for judgment on the pleadings. After three extensions of time, defendant filed a cross-motion for judgment on the pleadings on February 22, 2016.

Thereafter, the court referred the matter to U.S. Magistrate Judge Robert T. Numbers, II, for a memorandum and recommendation ("M&R") on the cross-motions for judgment as a matter of law. On June 23, 2016, Judge Numbers entered M&R recommending that plaintiff's motion for judgment on the pleadings be granted, defendant's motion be denied, and the matter be remanded to the Commissioner for further consideration.

Defendant filed objections to the M&R, upon leave of court out of time, and plaintiff responded. On August 4, 2016, the court granted plaintiff's motion for judgment on the pleadings, denied defendant's motion for judgment on the pleadings, adopting in part the reasoning in the M&R. The instant motion for attorney fees under the EAJA followed, supported by a memorandum of law and declaration of attorney time expended. Defendant opposes the motion on the basis that the Commissioner was substantially justified in its administrative and litigation positions.

## DISCUSSION

A.  Standard of Review

The EAJA provides for an award of reasonable attorney's fees and expenses in accordance with the following provision:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was <u>substantially justified</u> or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A) (emphasis added). In addition, the statute provides:

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses . . . . The party shall also allege that the position of the United States was <u>not</u> <u>substantially justified</u>. Whether or not the position of the United States was

2

> <u>substantially justified</u> shall be determined on the basis of the record . . . which is made in the civil action for which fees and other expenses are sought.

<u>Id.</u> § 2412(d)(1)(B) (emphasized). "'[P]osition of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." <u>Id.</u> § 2412(d)(2)(D).

Although the phrase "substantially justified" is not defined in the statue, the Supreme Court has interpreted the phrase to mean "justified to a degree that could satisfy a reasonable person." <u>Pierce v. Underwood</u>, 487 U.S. 552, 565 (1988). "[A] position can be justified even though it is not correct, and . . . it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." <u>Id.</u> at 566 n.2. The phrase, thus, does not connote "'justified to a high degree,' but rather 'justified in substance or in the main.'" <u>Id.</u> at 565. As such, the standard is comparable to one that is "satisfied if there is 'a genuine dispute,'" or "if reasonable people could differ as to the appropriateness of the contested action." <u>Id.</u> "The United States has the burden of showing that its position was substantially justified." <u>United States v. 515 Granby, LLC</u>, 736 F.3d 309, 315 (4th Cir. 2013).

"[W]hen determining whether the government's position in a case is substantially justified, we look beyond the issue on which the petitioner prevailed to determine, from the totality of circumstances, whether the government acted reasonably in causing the litigation or in taking a stance during the litigation." <u>Roanoke River Basin Ass'n v. Hudson</u>, 991 F.2d 132, 139 (4th Cir. 1993). "[M]erits decisions in a litigation, whether intermediate or final . . . obviously must be taken into account both by a district court in deciding whether the Government's position, though ultimately rejected on the merits, was substantially justified, and by a court of appeals in later

3

reviewing that decision for abuse of discretion." EEOC v. Clay Printing Co., 13 F.3d 813, 815 (4th Cir. 1994).

B.     Analysis

The government asserts that it was substantially justified at all stages of the proceedings in this case. The court agrees.

In seeking affirmance of the ALJ decision in this case and opposing plaintiff's motion for judgment on the pleadings, the government raised reasonable arguments supported by the record and case law existing at the time. With respect to two of the claims raised by plaintiff, credibility determination and treating physician opinion, the government argued that the ALJ's assessment was well-supported in the record. The magistrate judge agreed with the government's argument and rejected plaintiff's argument as to the credibility determination and treating physician opinion. Although this court ultimately rejected the recommendation in the M&R as to these two claims, the M&R's assessment demonstrates that "reasonable people could differ as to the appropriateness of the contested" argument. Pierce, 487 U.S. at 565. Plaintiff does not contend otherwise in her fee motion.

With respect to the remaining claim, based upon the ALJ's failure to explain limitations in concentration, persistence and pace pursuant to Mascio v. Colvin, 780 F.3d 632, 638 (4th Cir. 2015), the government also adopted a reasonable litigation position, even though rejected in the M&R and in this court's order. In its memorandum in support of judgment on the pleadings, and in its objections to the M&R, the government argued in favor of distinguishing Mascio on the basis that "uncontroverted expert opinion evidence" cited by the ALJ supported the RFC determination. (DE 24 at 11-12; DE 31 at 2-5). The government's argument was consistent at the time with the approach

4

Case 5:15-cv-00248-FL   Document 40   Filed 02/27/17   Page 4 of 5

reviewing that decision for abuse of discretion." EEOC v. Clay Printing Co., 13 F.3d 813, 815 (4th Cir. 1994).

B.     Analysis

The government asserts that it was substantially justified at all stages of the proceedings in this case. The court agrees.

In seeking affirmance of the ALJ decision in this case and opposing plaintiff's motion for judgment on the pleadings, the government raised reasonable arguments supported by the record and case law existing at the time. With respect to two of the claims raised by plaintiff, credibility determination and treating physician opinion, the government argued that the ALJ's assessment was well-supported in the record. The magistrate judge agreed with the government's argument and rejected plaintiff's argument as to the credibility determination and treating physician opinion. Although this court ultimately rejected the recommendation in the M&R as to these two claims, the M&R's assessment demonstrates that "reasonable people could differ as to the appropriateness of the contested" argument. Pierce, 487 U.S. at 565. Plaintiff does not contend otherwise in her fee motion.

With respect to the remaining claim, based upon the ALJ's failure to explain limitations in concentration, persistence and pace pursuant to Mascio v. Colvin, 780 F.3d 632, 638 (4th Cir. 2015), the government also adopted a reasonable litigation position, even though rejected in the M&R and in this court's order. In its memorandum in support of judgment on the pleadings, and in its objections to the M&R, the government argued in favor of distinguishing Mascio on the basis that "uncontroverted expert opinion evidence" cited by the ALJ supported the RFC determination. (DE 24 at 11-12; DE 31 at 2-5). The government's argument was consistent at the time with the approach

described in another district court opinion under analogous circumstances, wherein the court stated that an "ALJ may account for a claimant's limitation with concentration, persistence, or pace by restricting the claimant to simple, routine, unskilled work where the record supports this conclusion, either through physician testimony [or] medical source statements." Boyet v. Comm'r of Soc. Sec. Admin., No. 1:14-CV-762, 2016 WL 614708, at *6 (M.D.N.C. Feb. 16, 2016). Thus, the government's argument was a reasonable position in light of the case law at the time, albeit not binding on this court.

In sum, the government has demonstrated that there was "a genuine dispute" as to the correctness of its arguments. Pierce, 487 U.S. at 565. Its arguments were reasonable interpretations of the existing law and the record of the case, providing appropriate adversarial testing of the issues raised by the motions for judgment on the pleadings. An award of EAJA fees in this instance improperly would "impair[] the vigor and flexibility of its litigating position." Crawford v. Sullivan, 935 F.2d 655, 659 (4th Cir. 1991). Therefore, an award of EAJA fees is not warranted.

## CONCLUSION

Based on the foregoing, plaintiff's motion for attorney's fees (DE 37) under the EAJA is DENIED.

SO ORDERED, this the 27th day of February, 2017.

_____
LOUISE W. FLANAGAN
United States District Judge